UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

SAMANTHA MACK,

        Plaintiff,

v.

ROADSAFE TRAFFIC SYSTEMS, INC.,

        Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Samantha Mack, by and through her attorneys, HKM Employment Attorneys, LLP, brings this Complaint and Jury Demand against Roadsafe Traffic Systems, Inc. ("Defendant" or the "Company"), and, in support thereof, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover damages, penalties, injunctive and declaratory relief, costs, attorneys' fees, and other appropriate relief resulting from the Company's failure to pay overtime wages, in violation of Colorado law and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").  Put simply, Defendant misclassified Plaintiff, a Safety Specialist, as exempt from the FLSA's overtime requirements while consistently requiring her to work more than forty hours per workweek without paying overtime premiums.  As a Safety Specialist, Plaintiff's job entailed the use of skill in applying techniques, procedures, or specific [safety-related] standards rather than the exercise of discretion and independent judgment.  Plaintiff's

recommendations and findings were always subject to further levels of review and approval by her superiors; and she had no discretion to depart from the Company's established safety standards.

## PARTIES

2. Plaintiff hereby incorporates all the paragraphs of this Complaint as though set forth fully and separately herein.

3. Plaintiff Samantha Mack is Defendant's former employee. Ms. Mack is, and at all times relevant to this Complaint was, a resident of Colorado.

4. At all times relevant to this Complaint, Defendant Roadsafe Traffic Systems, Inc. was a Delaware corporation with a principal office street address in Chicago, Illinois.

5. At all times relevant to this Complaint, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff in a covered industry as defined by the Colorado Minimum Wage Order.

7. At all times relevant to this Complaint, Defendant further was an "employer" pursuant to the Colorado Wage Act, C.R.S. § 8-4-101(6).

## JURISDICTION AND VENUE

8. Plaintiff incorporates by reference the above paragraphs as though set forth separately and fully herein.

9. Plaintiff brings a claim pursuant to the FLSA, which authorizes lawsuits by private parties to recover damages for violations of its wage and hour provisions, and the Court therefore has original jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

13. Defendant is the nation's largest provider of traffic control and pavement marking services.

14. Plaintiff was hired by Defendant on or about January 6, 2020 as a Safety Specialist based in Denver, Colorado.

15. Plaintiff's job responsibilities included ensuring subcontractors and employees were following safety guidelines consistent with the Company's policies and procedures; investigating safety-related accidents, and conducting safety trainings and inspections by applying techniques, procedures and specific standards required by the Company. Her responses to unsafe acts she observed on worksites also were dictated by her superiors and the Company's guidelines.

16. Plaintiff was required to obtain approval and/or authority from one of her supervisors prior to carrying out responsibilities that facilitated the safety of the sites in which Plaintiff worked.

17. Plaintiff did not manage any employees and she lacked the ability to use independent judgment and discretion without the direction and oversight of her supervisors.

18. During her employment with Defendant, Plaintiff consistently worked over 40 hours per workweek, entitling her to overtime pay.

19. For example, between January 2020 until the beginning of August 2020, Plaintiff consistently worked at least 50-60 hours per workweek.

20. In August 2020, Plaintiff's hours escalated as she prepared to take approved leave for training with the Air Force Reserves. She worked more than 60 hours per workweek in the month prior to her approved leave.

21. When Plaintiff returned to work from her approved leave, she worked approximately, and possibly more than, 90 hours in the week leading up to her termination on October 2, 2020.

## FIRST CLAIM FOR RELIEF

**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

22. Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

23. Since on or about January 6, 2020 up to and including October 2, 2020, Defendant willfully violated the FLSA by misclassifying Plaintiff as exempt and failing to compensate her for hours worked over 40 per workweek at a rate of not less than one and one-half times the regular rate at which she was employed.

24. At all times relevant to this matter, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

25. Defendant was a member of an enterprise or enterprises engaged in interstate commerce that had annual revenues in excess of $500,000 during Plaintiff's employment.

26. At all times relevant to this matter, Plaintiff was an employee pursuant to 29 U.S.C. § 203(e).

27. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a).

28. The overtime wage provisions set forth in the FLSA apply to Defendant and the position held by Plaintiff, who was not exempt from the FLSA's overtime requirements pursuant to the provisions of 29 U.S.C. § 213(a). Plaintiff was neither a bona fide executive, administrative, or professional employee. In the alternative, if Plaintiff was exempt at any point during her employment, Defendant's actions and/or conduct effectively removed any exemption that may have applied to Plaintiff.

29. Defendant's failure to pay overtime compensation as required by the FLSA was willful pursuant to 29 U.S.C. § 255(a).

30. As a result of Defendant's willful actions, Plaintiff has been illegally deprived of overtime compensation and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation as a result of Defendant's willful actions described herein.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, Implemented by the Colorado Minimum Wage Order, 7 CCR 1103-1)**

31. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

32. Plaintiff was employed by Defendant in a covered industry as defined by the CMWO and the CMWA.

33. Defendant's payment practices described herein deprived Plaintiff of overtime compensation for hours she worked over 40 per week, 12 per day, and/or 12 per shift.

34. The overtime wage provisions set forth in the CMWO apply to Defendant and the position held by Plaintiff, who was not exempt from the CMWO's overtime requirements. Plaintiff was neither a bona fide executive or supervisor, administrative, or professional employee. In the alternative, if Plaintiff was exempt at any point during her employment, Defendant's actions and/or conduct effectively removed any exemption that may have applied to Plaintiff.

35. Plaintiff is therefore entitled to overtime compensation, reasonable attorney's fees, and costs under the Minimum Wage Act. C.R.S. § 8-6-118.

36. Plaintiff also seeks declaratory relief including, but not limited to, a declaration from the Court that Defendant's payment policies and practices described herein are illegal and require reformation.

37. Plaintiff also seeks injunctive relief in the form of an order from the Court requiring Defendant to reform its policies and practices described herein.

## THIRD CLAIM FOR RELIEF
**(Violation of the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* ("Wage Act"))**

38. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

39. Defendant failed to pay Plaintiff all overtime compensation earned under the FLSA and Colorado state law.

40. Plaintiff sent a demand for payment of unpaid wages in compliance with the Wage Act. Defendant is therefore on actual notice that Plaintiff is due unpaid wages resulting from Defendant's illegal payment policies and practices described herein. This Complaint further puts Defendant on constructive or implied notice that Plaintiff is due unpaid wages resulting from Defendant's illegal payment policies.

41. Should Defendant fail to pay Plaintiff within 14 days of receipt of Plaintiff's written demand for payment, Plaintiff will be entitled to statutory penalties based on the amount of wages owed.

42. Plaintiff will also be entitled to an additional 50% in assessed statutory penalties because Defendant's payment violations were and remain willful, as well as attorneys' fees, costs and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for the following relief:

A. Declare that Defendant violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff; that Defendant failed to pay amounts owed to Plaintiff in overtime compensation; that Defendant's violations were willful; that Plaintiff is entitled to be paid overtime for work in excess of 40 hours per week; and that the amount of overtime wages to which Plaintiff is entitled is to be doubled as liquidated damages and awarded;

B. Declare that Defendant violated the CMWA, as implemented by the CMWO, by failing to pay Plaintiff for overtime worked; and that Defendant's policies and practices must be reformed to comply with Colorado law;

C. Declare that Defendant violated the CWA by failing to pay overtime compensation to Plaintiff; that Defendant failed to pay Plaintiff her outstanding wages within 14 days of a written demand for same; and that Defendant acted willfully in violating the CWA;

D. Grant Plaintiff a permanent injunction enjoining Defendant, and all those acting in concert with Defendant at Defendant's direction, from engaging in the above-described payment practices which violate the FLSA, the CMWA, and the CMWO;

E. Award Plaintiff damages in the amount of overtime compensation, and any other amounts owed, to be proven at trial;

F. Award Plaintiff liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b), or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

G. Award Plaintiff the amount of unpaid overtime, and any other amounts owed due to Defendant's illegal payment practices, according to proof at trial;

H. Award Plaintiff statutory penalties for Defendant's failure to timely pay Plaintiff's outstanding overtime compensation, as well as statutory penalties for Defendant's willful violation of the CWA;

I. Award reasonable attorneys' fees and costs;

J. Award Plaintiff pre-judgment interest at the highest lawful rate; and

K. Such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted this 6th day of January 2022.

HKM EMPLOYMENT ATTORNEYS LLP

By: /s/ Shelby Woods
Claire E. Hunter (39504)
Shelby Woods (48606)
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, Colorado 80202
chunter@hkm.com
swoods@hkm.com
*Attorneys for Plaintiff Samantha Mack*