**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:22-cv-00039-DDD-KLM

SAMANTHA MACK,

Plaintiff,

v.

ROADSAFE TRAFFIC SYSTEMS, INC.,

Defendant.

---

**DEFENDANT'S ANSWER TO COMPLAINT AND JURY DEMAND**

---

Defendant Roadsafe Traffic Systems, Inc. ("Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., responds to Samantha Mack's ("Plaintiff") Complaint (Dkt. #1), as follows:

**ANSWER TO "PRELIMINARY STATEMENT"**

1. Defendant admits Plaintiff brings this lawsuit under Colorado law and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") for alleged unpaid overtime wages and seeks to recover damages, penalties, injunctive and declaratory relief, costs, and attorneys' fees. Defendant also admits it employed Plaintiff in a Safety Specialist role. Defendant expressly denies the remaining allegations contained in Paragraph 1 of the Complaint and denies that Plaintiff is entitled to the relief requested.

**ANSWER TO "PARTIES"**

2. Defendant incorporates its responses to the foregoing paragraph as if fully set forth herein.

3. Defendant admits Plaintiff is its former employee. Upon information and belief, Defendant admits Plaintiff was a resident of Colorado.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

## ANSWER TO "JURISDICTION AND VENUE"

8. Defendant incorporates its responses to the foregoing paragraphs as if fully set forth herein.

9. Defendant admits the Court has jurisdiction over this lawsuit but denies any wage violations occurred and denies that Plaintiff is entitled to the relief requested. The remainder of Paragraph 9 of the Complaint asserts no allegations of fact. It purports to be a statement of law to which no response is required.

10. Defendant admits the Court has jurisdiction over this lawsuit but denies any wage violations occurred and denies that Plaintiff is entitled to the relief requested.

11. Defendant admits that venue is proper but denies any wage violations occurred or that Plaintiff is entitled to the relief requested.

## ANSWER TO "FACTUAL ALLEGATIONS"

12. Defendant incorporates its responses to the foregoing paragraphs as if fully set forth herein.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits it hired Plaintiff on or about January 6, 2020 in a Safety Specialist role based in Denver, Colorado.

15. Defendant admits Plaintiff's job responsibilities included without limitation ensuring subcontractors and employees were following safety guidelines consistent with Defendant's policies and procedures, investigating safety-related accidents, and conducting safety trainings and inspections. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in contained Paragraph 16 of the Complaint.

17. Defendant admits Plaintiff did not directly supervise any other employees, but denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

**ANSWER TO "FIRST CLAIM FOR RELIEF"**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)**

22. Defendant incorporates its responses to the foregoing paragraphs as if fully set forth herein.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint asserts no allegations of fact. It purports to be a statement of law to which no response is required.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Compliant.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

**ANSWER TO "SECOND CLAIM FOR RELIEF"**
**(Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq*., Implemented by the Colorado Minimum Wage Order, 7 CCR 1103-1)**

31. Defendant incorporates its responses to the foregoing paragraphs as if fully set forth herein.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits Plaintiff seeks declaratory relief, but denies Plaintiff is entitled to the requested relief.

37. Defendant admits Plaintiff seeks injunctive relief, but denies Plaintiff is entitled to the requested relief.

**ANSWER TO "THIRD CLAIM FOR RELIEF"**
**(Violation of the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*. ("Wage Act"))**

38. Defendant incorporates its responses to the foregoing paragraphs as if fully set forth herein.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits Plaintiff sent a demand for payment of alleged unpaid wages. Defendant denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint and denies Plaintiff is entitled to any damages.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint and denies Plaintiff is entitled to any damages.

## ANSWER TO "PRAYER FOR RELIEF"

Defendant denies Plaintiff is entitled to any of the relief requested in the unnumbered "Prayer for Relief" paragraph immediately following Paragraph 42 of the Complaint, including subparagraphs A-K.

## GENERAL DENIAL

Defendant denies each and every allegation in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all of the claims alleged in Plaintiff's Complaint are barred by the applicable statutes of limitations and/or laches.

### THIRD DEFENSE

Plaintiff has failed to mitigate her alleged damages.

**FOURTH DEFENSE**

Plaintiff is estopped from pursuing the claims set forth in the Complaint by reason of her own acts, omissions, and course of conduct.

**FIFTH DEFENSE**

At all relevant times during Plaintiff's employment, Defendant made reasonable and good faith efforts to comply with the law.

**SIXTH DEFENSE**

Plaintiff has been paid all sums legally due under the FLSA, the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq*., and the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*.

**SEVENTH DEFENSE**

Defendant is entitled to an offset for any overpayments made to Plaintiff.

**EIGHTH DEFENSE**

Without assuming any burden of proof, Defendant asserts that any alleged violation of the FLSA, the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq*., or the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*., was not willful.

**NINTH DEFENSE**

Plaintiff is not entitled to recover wages for time that is *de minimis*.

**TENTH DEFENSE**

Plaintiff's claims are barred for hours allegedly worked without Defendant's actual or constructive knowledge.

**ELEVENTH DEFENSE**

Plaintiff was exempt from the overtime and minimum wage provisions of the FLSA, the Colorado Minimum Wage Act, and the Colorado Wage Claim Act, based on her status as a bona fide administrative employee within the meaning of the FLSA, the Colorado Minimum Wage Act, and the Colorado Wage Claim Act.

Defendant reserves the right to add any and all affirmative defenses applicable hereto which are not at this time ascertained but will be added by amendment once they are identified.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered and responded to the allegations contained in Plaintiff's Complaint, Defendant hereby prays that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in Plaintiff's Complaint be denied;

3. Judgment be entered in favor of Defendant;

4. All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable law; and

5. Defendant be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted this 8th day of March, 2022.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Steven R. Reid*
Michael H. Bell
Steven R. Reid
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO 80222
Telephone: 303.764.6800
Facsimile: 303.831.9246
mike.bell@ogletree.com
steve.reid@ogletree.com

*Attorneys for Defendant Roadsafe Traffic Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2022, I electronically filed the foregoing **DEFENDANT'S ANSWER TO COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to counsel for Plaintiff, as follows:

Claire E. Hunter
Shelby S. Woods
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, CO 80202
chunter@hkm.com
swoods@hkm.com

*Attorneys for Plaintiff Samantha Mack*

*s/ Alison L. Shaw*
Alison L. Shaw, Paralegal